IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ELITE OUTSOURCING GROUP,          )
INC.,                             )
                                  )
            Plaintiff,            )
                                  )
        v.                        )    CIVIL NO. 1:05CV00051
                                  )
HEALTHSOUTH CORPORATION,          )
                                  )
            Defendant.            )


MEMORANDUM OPINION


BULLOCK, District Judge

       On May 5, 2006, the United States Magistrate Judge's
Recommendation was filed and notice was served on the parties
pursuant to 28 U.S.C. § 636.  Both parties filed objections to
the Recommendation within the time limit prescribed by
Section 636 and both parties filed responses to the other party's
objections on May 30, 2006.

       The court has reviewed all of the objections de novo and
finds that Plaintiff's objections do not change the substance of
the Magistrate Judge's rulings.  Therefore, the court will affirm
and adopt the Recommendation as to the matters objected to by the
Plaintiff.  Defendant has objected to the recommendation that a
trial be conducted on a portion of the Plaintiff's claim for an
accounting and constructive trust.  While this objection presents
a new argument, Plaintiff had an opportunity to and did respond
to the objection.

In its Amended Complaint Plaintiff sought an accounting and constructive trust based on allegations that (1) it had performed collection services on certain accounts known as "non-converted accounts", (2) Defendant had received payments as a result of Plaintiff's collection efforts, and (3) Defendant had retained the payments without giving Plaintiff any commission for its services. Plaintiff claimed that this unjustly enriched Defendant and that it should be paid the standard commission in the collection industry for monies received by Defendant through Plaintiff's efforts. The Recommendation concluded that trial was necessary on the issue of whether Defendant was unjustly enriched because of efforts Plaintiff made to collect on the non-converted accounts.

In its original brief on its motion for summary judgment, Defendant argued that Plaintiff's claim for an accounting and constructive trust due to unjust enrichment should be dismissed because constructive trusts were appropriate only when a defendant had engaged in some form of misconduct such as fraud or the breach of a confidential relationship. The Magistrate Judge concluded that constructive trusts are not as limited as Defendant argued and that they can also be imposed in other situations, potentially including claims for unjust enrichment or quantum meruit.

In its objection Defendant now asserts that Plaintiff does not have sufficient evidence to prove the elements of a claim for unjust enrichment or _quantum_ _meruit_ under North Carolina law. Because the record is clear and Plaintiff has had an opportunity to respond to the objection, and the issue involves a question of law, the court will consider the Defendant's contentions.

Under North Carolina law the elements of a claim for _quantum_ _meruit_ are that "'(1) services were rendered to defendants; (2) the services were knowingly and voluntarily accepted; and (3) the services were not given gratuitously.'" _Volumetrics Med._ _Imaging, Inc. v. ATL Ultrasound, Inc._, 243 F. Supp. 2d 386, 412 (M.D.N.C. 2003) (quoting _Scott v. United Carolina Bank_, 130 N.C. App. 426, 429, 503 S.E.2d 149, 152 (1998)). Both parties must have an expectation that payment for the services will be rendered at the time any enrichment occurs. _Id_.

Claims for unjust enrichment are similar. "'[A] plaintiff must allege that property or benefits were conferred on a defendant under circumstances which give rise to a legal or equitable obligation on the part of the defendant to account for the benefits received.'" _Homeq v. Watkins_, 154 N.C. App. 731, 733 (2002) (quoting _Norman v. Nash Johnson & Sons' Farms, Inc._, 140 N.C. App. 390, 417, 537 S.E.2d 248, 266 (2000)). No unjust enrichment occurs when the benefit is given without solicitation or inducement by the defendant. When a plaintiff mistakenly

3

provides a benefit the defendant is not liable if it did not induce the action. Id.

Here, Plaintiff alleges that it provided a benefit to Defendant by collecting on the non-converted accounts from the time the Settlement Agreement between the parties took effect in early October of 2004 until Defendant asked it to stop in early January 2005. (Pl.'s Resp. to Def.'s Mot. Summ. J. Ex. 8 Leonard Aff. ¶ 16.) Plaintiff has failed to point to any evidence that Defendant knew of the collection efforts prior to December 17, 2004, that Defendant expected to pay for these services, or that Defendant took any action to induce Plaintiff to perform the services.

Defendant asserts that it was not aware that the collections on non-converted accounts were occurring prior to December 17, 2004. On that date one of Plaintiff's employees met with Molly Bridges, Defendant's business office operations manager, and requested data related to the non-converted accounts. (Bridges Aff. ¶¶ 15, 23.) Bridges then telephoned Plaintiff and informed Plaintiff that she believed that the non-converted accounts were not a part of the accounts that Plaintiff was allowed to service under the Settlement Agreement. She stated that she would be confirming this with several other of Defendant's employees. (Id. ¶¶ 16-18.) Just over two weeks later, on January 5, 2005, Defendant informed Plaintiff by letter that it had become aware

4

that Plaintiff was collecting on more accounts than were allowed in the Settlement Agreement and that Plaintiff should cease servicing those accounts. (Pl.'s Resp. to Def.'s Mot. Summ. J. Ex. 17.)

Taken together, the evidence submitted by the parties indicates that Plaintiff, whether mistakenly or intentionally, serviced accounts that were not given to it under the Settlement Agreement, that Defendant was not aware of this until December 17, 2005, that Defendant immediately informed Plaintiff that it did not believe that the Settlement Agreement allowed Plaintiff to service the non-converted accounts, and that it quickly confirmed this with the January 5, 2005, letter. Because Defendant did not know about the services at the time they were rendered, it could not have been expected to pay for them and Plaintiff cannot establish a claim for <u>quantum</u> <u>meruit</u>. Any claim for unjust enrichment fails because Defendant did not induce or solicit the mistake. In fact, Defendant had another company working on at least some of the non-converted accounts. (Def.'s Mot. Summ. J. Ex. 8 Bridges Dep. pp. 42-43.) Plaintiff simply misread or misunderstood the Settlement Agreement and began collection efforts without any knowledge or influence on the part of the Defendant. These facts will not support a claim under North Carolina law.

5

In its response to Defendant's objections, Plaintiff recognized the applicable law and stated only that, as to <u>quantum meruit</u>, Defendant could not have expected that a service such as the collections of accounts would have been rendered without any expectation of payment. However, Plaintiff has failed to proffer evidence that Defendant had or should have had an expectation that it would have to pay for the services at the time the services were rendered. Instead, the evidence shows that Defendant did not know that the services were being rendered. Plaintiff proffers no evidence which shows that Defendant induced or solicited it to provide collection services for the non-converted accounts. Such evidence is necessary for a claim for unjust enrichment to go forward. Under these circumstances a trial on this issue would be a waste of judicial resources as well as a waste of the resources of the parties. Therefore, the court will adopt and affirm the Magistrate Judge's Recommendation as to the matters objected to by the Plaintiff, and will also grant Defendant's motion for summary judgment in its entirety.

A judgment in accordance with this memorandum opinion will be entered contemporaneously herewith.

United States District Judge

June 9, 2006

6